### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00334-WYD-CBS

CAPITAL INVESTMENTS-USA, INC.

    Plaintiff,

v.

KEYBANK NATIONAL ASSOCIATION,

    Defendant.

---

### ADDENDUM TO THE SCHEDULING ORDER
### RELATED TO ELECTRONIC DISCOVERY

---

The parties, Capital Investments-USA, Inc. ("Capital") and KeyBank National Association ("KeyBank"), by and through their undersigned counsel, propose the following protocol for discovery of electronically stored information ("ESI"):

### SCOPE

1. This Protocol applies to the discovery of ESI and the provisions of Fed.R.Civ.P. 16, 26, 33, 34, 37 and 45 insofar as those Rules relate to ESI. However, nothing contained herein modifies the express provisions Fed.R.Civ.P. 16, 26, 33, 34, 37 and 45.

### DEFINITIONS

2. In this Protocol, the following terms have the following meanings:

    a. "Meta-Data" means: (i) information embedded in a Native File that is not ordinarily viewable or printable from the application that generated, edited, or modified such Native File; and (ii) information generated automatically by the

    operation of a computer or other information technology system when a Native File is created, modified, transmitted, deleted or otherwise manipulated by a user of such system. Meta-Data is a subset of ESI.

  b. "Native File(s)" means ESI in the electronic format of the application in which such ESI is normally created, viewed and/or modified. Native Files are a subset of ESI.

  c. "Static Image(s)" means a representation of ESI produced by converting a Native File into a standard image format capable of being viewed and printed on standard computer systems. A Static Image should be provided in either Tagged Image File Format (TIFF, or .TIF files) or Portable Document Format (PDF).

## THE LITIGATION HOLD

3. In order to preserve ESI that may be relevant to the claims and defenses in this case, the parties agree to implement a "litigation hold."

4. Scope of the "litigation hold":

The parties have discussed the categories of potentially discoverable information to be segregated and preserved and concluded that all information related to or referring to the transactions in the Complaint and all communications between the parties should be segregated and preserved (hereinafter "Relevant ESI").

  a. The parties have discussed the "key persons," whom include likely witnesses and persons with knowledge regarding relevant events, and have agreed that for the purposes of this Protocol, such persons include, but are not limited to, all representatives of the parties identified in the parties' initial disclosures pursuant to

Fed.R.Civ.P. 26(a)(1) (hereinafter "key persons"). By "key persons," the parties mean both the natural person or persons who is/are a "key person(s)" with regard to the facts that underlie the litigation, and any applicable network administrator(s), custodian(s) of records or records management personnel (hereinafter "key persons"). Key Persons will be responsible for ensuring that any support or administrative personnel who prepare, store or modify Relevant ESI comply with the litigation hold.

b. The litigation hold is limited to Relevant ESI generated between June 1, 2005 and the present.

c. The parties have agreed to preserve email and attachments, word processing documents, spreadsheets, graphics and presentation documents, images, text files, audio and video files, Internet data, or backup materials that relate or refer to the transactions in the Complaint and any documents that constitute a communication between the parties.

d. Relevant ESI shall be made available as required under the Fed. R. of Civ. P. and this Addendum in Static Image format (.TIFF or PDF) and shall be maintained on the parties' existing servers, desktop computers and workstations, portable media, personal digital assistants, pagers, mobile telephones, laptops and other data storage devices as applicable.

5. Notification of the litigation hold shall be distributed to the following individuals:

a. all key persons;

b. the appropriate network services personnel; and

c. the appropriate custodian(s) of records.

6. The litigation hold notice shall at a minimum state that there will be no deletion, modification, or alteration of Relevant ESI.

## DISCLOSURE OR DISCOVERY OF
## ELECTRONICALLY STORED INFORMATION

7. Disclosure or discovery of electronically stored information should be handled as follows:

   a. In order to facilitate the discovery of electronically stored information, on or before June 1, 2007, the parties agree to voluntarily disclose information relating to systems, descriptions, the types of databases, and the Relevant ESI record retention policy in place, if any, and/or the backup and systems recovery routines, including, but not limited to, tape rotation and destruction/overwrite policy.

   b. The parties shall submit discovery requests in accordance with Fed.R.Civ.P. 33 and 34 pursuant to the Scheduling Order entered in the case. To the extent a requesting party is specifically seeking ESI, the party shall so indicate in the discovery request. Discovery requests specific to ESI or discovery requests that call for ESI data shall be responded to in accordance with Fed.R.Civ.P. 26, 33 and 34.

   c. No party may object to the discovery of ESI pursuant to Fed.R.Civ.P. 26(b)(2)(B) on the basis that it is not reasonably accessible because of undue burden or cost unless the objection has been stated with particularity, and not in conclusory or boilerplate language. Wherever the term "reasonably accessible" is used in this Protocol, the party asserting that ESI is not reasonably accessible should be prepared to specify facts that support its contention.

d. The responding party shall produce ESI to the Requesting Party as Static Images or in paper format. When the Static Image is produced, the Producing Party should maintain a separate file as a Native File and, in that separate file, it should not modify the Native File in a manner that materially changes the file and the Meta-Data. After initial production in Static Images is complete, a party seeking production of Native File ESI or Meta Data must demonstrate a reasonable particularized need for that production.

e. The production of Meta-Data apart from its Native File may impose substantial costs, either in the extraction of such Meta-Data from the Native Files, or in its review for purposes of redacting non-discoverable information contained in such Meta-Data. The parties are expected to be cognizant of those costs in light of the various factors established in Fed.R.Civ.P. 26(b)(2)(C). The following principles should be utilized in determining whether Meta-Data may be discovered:

(i) Meta-Data is part of ESI. Such Meta-Data, however, may not be relevant to the issues presented or, if relevant, not be reasonably subject to discovery given the Rule 26(b)(2)(C) cost-benefit factors. Therefore, it may be subject to cost-shifting under Fed.R.Civ.P. 26(b)(2)(C).

(ii) Meta-Data may generally be viewed as either System Meta-Data, Substantive Meta-Data, or Embedded Meta-Data. System Meta-Data is data that is automatically generated by a computer system. For example, System Meta- Data often includes information such as the author, date and time of creation, and the date a document was modified. Substantive Meta-Data is data that reflects the substantive changes made to the

        document by the user.  For example, it may include the text of actual changes to a document. While no generalization is universally applicable, System Meta-Data is less likely to involve issues of work product and/or privilege. Meta-Data, especially substantive Meta-Data, need not be routinely produced, except upon agreement between requesting and producing litigants, or upon a showing of good cause in a motion filed by the Requesting Party in accordance with the procedures set forth in the Local Rules of this Court. Consideration should be given to the production of System Meta-Data and its production is encouraged in instances where it will not unnecessarily or unreasonably increase costs or burdens.  As set forth above, upon agreement of the parties, the Court will consider entry of an order approving an agreement that a party may produce Meta-Data in Native Files upon the representation of the recipient that the recipient will neither access nor review such data.  This Protocol does not address the substantive issue of the duty to preserve such Meta-Data, the authenticity of such Meta-Data, or its admissibility into evidence or use in the course of depositions or other discovery.

f.     The parties shall create, maintain and disclose a privilege log, if applicable, in accordance with Fed.R.Civ.P. 26(b)(5).  If either party raises a challenge to the characterization of ESI information as privileged, and the responding party continues to claim the privilege or objection, the Court may, at its discretion, conduct an in camera review of the disputed ESI.

    g.    On-site inspections of ESI under Fed.R.Civ.P. 34(b) should only be permitted in circumstances where good cause and specific need have been demonstrated by the party seeking disclosure of ESI (the "Requesting Party"), or by agreement of the parties. In appropriate circumstances the Court may condition on-site inspections of ESI to be performed by independent third party experts, or set such other conditions as are agreed by the parties or deemed appropriate by the Court.

DATED at Denver, Colorado, this 11th day of April, 2007.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge