IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  07-cv-00334-WYD-CBS

CAPITAL INVESTMENTS-USA, INC.,

    Plaintiff,

v.

KEYBANK NATIONAL ASSOCIATION,

    Defendant.

**ORDER**

THIS MATTER is before the Court on Keybank's Motion to Alter or Amend Order to Convert Keybank's Motion to Dismiss to a Motion for Summary Judgment, or in the Alternative, Motion to Grant Defendant Leave to File a Second Motion for Summary Judgment at the Close of Discovery, filed April 25, 2007 (docket #21).  On April 18, 2007, I entered an order converting Defendant Keybank's motion to dismiss to a motion for summary judgment based on Plaintiff Capital Investments-USA, Inc.'s ("Capital") response to the motion to dismiss, which included an Affidavit of Daniel H. Overmyer, a Sales and Purchase Agreement, various letters, e-mails and other documents.

Pursuant to the Federal Rules, if a court does not exclude the matters presented that are outside the pleadings, a motion to dismiss pursuant to Rule 12(b)(6) shall be treated as a motion for summary judgment.  Fed. R. Civ. P. 12(b); *Lucero v. Gunter*, 52 F.3d 874, 877 (10th Cir. 1995).  In the motion to alter or amend, Keybank asserts that

Capital should not be permitted to "unilaterally" convert its motion to dismiss by attaching documents outside of the pleadings to its response brief, and contends that its motion should be considered under Rule 12(b)(6).

Conversion of a motion to dismiss to a motion for summary judgment is proper where, even though the motion does not rely on matters outside the pleadings, plaintiff's response attaches such materials which are then considered by the court in deciding the motion.  *See Whitesel v. Sengenberger*, 222 F.3d 861, 866 (10th Cir. 2000) (noting that conversion may be proper when non-movant appends materials to opposition brief and court considers them) (citing *Collier v. City of Chicopee*, 158 F.3d 601, 603 (1st Cir. 1998)).  Courts have broad discretion in determining whether or not to accept materials beyond the pleadings.  *Lowe v. Town of Fairland,* 143 F.3d 1378, 1381 (10th Cir. 1998).

In its motion to dismiss, Keybank asserts that Capital's claim are barred by the statute of frauds.  In its response, Capital asserts that various documents provided by KeyBank to Capital satisfy the statute of frauds.  I have determined that the materials attached to Capital's response should be considered in resolving the issues raised in KeyBank's motion to dismiss.  Therefore, I will not amend or alter my prior Order converting the motion to dismiss into a motion for summary judgment.

My Practice Standards, revised as of May 30, 2006, state that a party may not file multiple motions for summary judgment without obtaining permission from the court. In this case, should KeyBank fail to prevail on its motion to dismiss, I would most likely favorably consider a request for leave to file a subsequent motion for summary

judgment.  Based on the foregoing, it is hereby

ORDERED that Keybank's Motion to Alter or Amend Order to Convert Keybank's Motion to Dismiss to a Motion for Summary Judgment, or in the Alternative, Motion to Grant Defendant Leave to File a Second Motion for Summary Judgment at the Close of Discovery, filed April 25, 2007 (docket #21) is **DENIED.**

Dated:  May 1, 2007

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge