IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  07-cv-00334-WYD-CBS

CAPITAL INVESTMENTS-USA, INC.,

    Plaintiff,

v.

KEYBANK NATIONAL ASSOCIATION,

    Defendant.

## ORDER

THIS MATTER is before the Court on Plaintiff's Motion Pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, filed May 25, 2007 (docket #25).

This is a commercial dispute in which Plaintiff, Capital Investments-USA, Inc. ("Capital") brings claims against Defendant KeyBank National Association ("KeyBank") for breach of contract and negligent misrepresentation based on its assertion that KeyBank breached its agreement with Capital to "facilitate various commodities transactions to which Capital was a party."  Complaint at ¶ 31.  On March 19, 2007, KeyBank filed a motion to dismiss asserting that the agreement Capital claims was breached by KeyBank constitutes a "credit agreement" under the Colorado Statute of Frauds, C.R.S. § 38-10-124, and that Capital's claims are barred because the alleged agreement is not a writing signed by KeyBank.  In response to the motion to dismiss, Capital stated that sufficient writings exist to satisfy the applicable Statute of Frauds.  In

connection with its response, Capital attached an Affidavit of Daniel H. Overmyer, a Sales and Purchase Agreement, various letters, e-mails and other documents. Based on the materials submitted in connection with Capital's response, I entered an Order converting the motion to dismiss to a motion for summary judgment pursuant to Fed. R. Civ. P. 12(b). On May 15, 2007, KeyBank filed a reply in support of the converted motion for summary judgment in which it maintained that none of the writings identified by Capital constitute a written credit agreement signed by KeyBank. KeyBank further stated that "Plaintiff was simply not creditworthy, as it admits in its Response, and KeyBank accordingly never approved any amount of credit for plaintiff."

On May 25, 2007, Capital filed its Rule 56(f) motion in which it contends that KeyBank's reply raises several issues of material fact, which necessitate either denial of KeyBank's motion for summary judgment without prejudice, or deferral of the motion so that Capital may engage in additional discovery. Capital contends that additional discovery is required so that it can respond to the following statements in KeyBank's reply:

(1) That KeyBank "never approved any amount of credit for Plaintiff" because "Plaintiff was simply not creditworthy." Reply at 2.

(2) That "Plaintiff does not state how Defendant knew that it had no assets." Reply at 3-4.

(3) That "Capital had previously shown KeyBank that it had sufficient capital to procure the commodities." Reply at 4.

(4) That KeyBank did not know to whom the Commitment Letters would be sent. Reply at 4.

(5) That it was implausible to believe that a branch or relationship

>manager of KeyBank had authority to provide credit in excess of $40 million.  Reply at 6.

The district courts exercise discretion in deciding whether to grant a Rule 56(f) motion.  *See Committee for the First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir.1992). To obtain relief under Rule 56(f), a party must provide more than a mere assertion "that the evidence supporting [the party's] allegation is in the hands of the [opposing party]." *Weir v. Anaconda Co.*, 773 F.2d 1073, 1083 (10th Cir.1985). Rather, the party must identify with some degree of specificity the facts it believes will be uncovered through additional discovery. *See Jensen v. Redev. Agency*, 998 F . 2d 1550, 1554 (10th Cir.1993).

A plaintiff requesting the opportunity to conduct discovery under  Fed.R.Civ.P. 56(f) must provide the court with an affidavit which explains why facts which would preclude summary judgment cannot be presented.  *See Committee for the First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir.1992)(citing 10A Charles A. Wright, Arthur R. Miller and Mary Kay Kane, Federal Practice & Procedure, §§ 2740 at 530 (1983)). Further, a plaintiff must explain "how additional time will enable him to rebut movant's allegations of no genuine issue of fact." *Patty Precision v. Brown & Sharpe Mfg. Co.*, 742 F.2d 1260, 1264 (10th Cir.1984).

Although Capital has demonstrated, through the Affidavit of Daniel H. Overmyer, that discovery relating to the "disputed facts" is not yet complete, I am not convinced that these facts are material to the issue raised in KeyBank's motion to dismiss.  In response to Capital's Rule 56(f) motion, KeyBank states that while the disputed

statements may ultimately be relevant, they "have nothing to do with the critical threshold issue concerning the requirement for a writing." The key issue in the motion to dismiss is whether Capital can show the existence of a credit agreement that satisfies the statute of frauds. Whether Capital was creditworthy or whether Capital was sufficiently capitalized have nothing to do with whether a written credit agreement exits. Similarly, whether Capital could have reasonably believed that certain KeyBank employees had authority to enter binding agreements on behalf of KeyBank, is not central to the existence of a written agreement that satisfies the statute of frauds. Because KeyBank concedes that the extraneous statements in their Reply brief are not dispositive of the issue raised in their initial motion to dismiss, those statements will not be considered in disposing of the motion to dismiss. As such, Capital is not entitled to conduct additional discovery with respect to those facts under Fed.R.Civ.P. 56(f).

Based on the foregoing, it is hereby

ORDERED that Plaintiff's Motion Pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, filed May 25, 2007 (docket #25) is **DENIED.**

Dated: July 2, 2007

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge